UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRUSTEES ON BEHALF OF
TEAMSTERS BENEFIT TRUST,

Plaintiff,

v.

PATTERSON HEAVY HAUL, INC.,

Defendant.

Case No.  2:23-cv-2393-JDP

ORDER

Plaintiff Trustees on Behalf of Teamsters Benefit Trust brings this action against defendant Patterson Heavy Haul, Inc., alleging that defendant violated the parties' contract by failing to make health and welfare contributions for hours worked by defendant's employees.[1] Plaintiff moves for summary adjudication on the issue of whether, under the contract, defendant must make such contributions for hours worked by its non-union employees.  For the reasons set forth below, plaintiff's motion is granted.

**Background**

The following facts are undisputed.  The Teamsters Benefit Trust (hereinafter, "the Fund") is "an employee welfare benefit plan within the meaning of Section 3(1) and Section

---

[1] Both parties consented to magistrate judge jurisdiction.  ECF No. 8.

1

502(d) of" the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1002(1) and 1132(d).  ECF No. 28-3 ¶ 2.  Defendant is "a construction trucking company doing business in the State of California."  *Id*. ¶ 4.  Two entities who are not parties to the instant action—the Associated General Contractors of California, Inc., and the Heavy, Highway, Building and Construction Teamsters Committee for Northern California—entered into a collective bargaining agreement (hereinafter, "the Master Labor Agreement" or "the MLA").  ECF No. 28-3 ¶ 5; ECF No. 1-2; ECF No. 1-3.  The MLA covers "all signatory employers and unions engaged in work defined within the scope of Section 1(B)" of the MLA.  *Id*.

In August 2014, defendant executed an agreement with Teamsters Local Union No. 315, in which defendant became a signatory to the MLA.  ECF No. 28-3 ¶ 5; ECF No. 1-4 at 4.  Accordingly, defendant is obligated "to submit monthly reports listing the hours worked by its employees" and "to pay health and welfare contributions to the Fund" based upon the hours worked by its employees.  *See* ECF No. 28-3 ¶¶ 3, 7; ECF No. 1-4 at 4.  Specifically, the MLA requires defendant to make contributions "for each hour the employee performs the work of a covered classification listed in Section 4" of the MLA.  ECF No. 28-3 ¶¶ 7-8.

In February 2021, the Fund completed an audit of defendant's contributions "for the period of June 1, 2014 through December 31, 2018," which found that defendant owes $1,366,403.39 in underpayments, plus an additional $5,098.50 in testing fees.  *Id*. ¶ 9.  The Fund alleges that defendant owes contributions "for work its employees performed under Section 4" of the MLA.  *Id*.

On October 20, 2023, plaintiff initiated the instant action, seeking collection of unpaid contributions pursuant to ERISA, 29 U.S.C. §§ 1132 and 1145, and the National Labor Relations Act, 29 U.S.C. § 185.  ECF No. 1 at 3-4.  In addition to the allegedly unpaid contributions and testing fees, plaintiff also seeks liquidated damages and interest.  *Id*. at 4.

Plaintiff moves for summary adjudication and asks the court to hold, as a matter of law, that defendant owes contributions to the Fund for work described in Sections 1(B) and 4 of the MLA that was performed by defendant's non-union employees.  ECF No. 28-1 at 1.  Defendant

filed an opposition, arguing that the MLA does not require contributions for hours worked by defendant's non-union employees.[2]  ECF No. 34 at 2.

**Legal Standard**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

Rule 56 allows a court to grant summary adjudication, also known as partial summary judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim. *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . . .") (internal quotation marks and citation omitted).  The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by: (1) citations to particular portions of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) argument showing that the materials cited do not establish the presence or absence of a genuine factual dispute or that the opposing party cannot produce admissible evidence to support its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider other materials in the record not cited by the parties, but it is not required to do so.  *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir.

---

[2] Defendant did not file a timely opposition.  *See* ECF No. 34; Local Rule 230(c).  The court ordered defendant to show cause why sanctions should not be imposed.  ECF No. 32. Defendant's counsel, Jeffrey Silvia, filed a declaration in which he stated that his caseload "has become unusually demanding," in part due to a personal matter.  *See* ECF No. 33.  In light of that representation, the court discharges the order to show cause without the imposition of sanctions and has considered defendant's opposition.

2001); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

"The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  To meet its burden, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this initial burden, the burden then shifts to the non-moving party "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle*, 627 F.3d 376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).  The non-moving party must "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson*, 477 U.S. at 252).  However, the non-moving party is not required to establish a material issue of fact conclusively in its favor; it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Electrical Serv., Inc. v. Pacific Elec. Contractors Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

The court must apply standards consistent with Rule 56 to determine whether the moving party has demonstrated there to be no genuine issue of material fact and that judgment is appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).  "[A] court ruling on a motion for summary judgment may not engage in credibility determinations or the weighing of evidence." *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir. 2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party. *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

**Discussion**

The parties' dispute boils down to whether the MLA requires defendant to make contributions to the Fund on behalf of its non-union employees.[3] The court interprets the MLA to determine if it unambiguously resolves this dispute. "Written terms are ambiguous only if multiple reasonable interpretations exist." *Trs. of S. Cal. IBEW-NECA Pension Tr. Fund v. Flores*, 519 F.3d 1045, 1047 (9th Cir. 2008). If the MLA is unambiguous, then the court cannot consider contradictory extrinsic evidence. *See Pace v. Honolulu Disposal Serv., Inc.*, 227 F.3d 1150, 1157-58 (9th Cir. 2000) ("Although the parol evidence rule is not applied as strictly in the context of collective bargaining agreements, it still operates to bar extrinsic evidence of an agreement inconsistent with an unambiguous writing.").

There is no dispute that defendant is an employer under the MLA such that the agreement covers and applies to "all work of [defendant] falling within the established jurisdiction over the Union, including but not limited to building construction, heavy, highway and engineering construction and the performance of work in the classifications listed in Section 4, and for which the Employer undertakes responsibility in connection with any job."[4] *See* ECF No. 1-2 at 3; ECF No. 1-3 at 2. Section 4(A), in turn, requires defendant to make health and welfare contributions for certain classifications of its employees' work, including "Highbed Heavy Duty Transport," "Heavy Duty Transport Tiller Man," and "Lowbed Heavy Duty Transport."[5] *See* ECF No. 1-2 at 13-15; ECF No. 1-3 at 12-15. The MLA defines "Employee" as "all individuals performing work

---

[3] As an initial matter, defendant argues that the MLA should be construed against plaintiff or declared void because it is a contract of adhesion, which is "a contract in which the party with superior bargaining power permits the other party to adhere to the contract or reject it but does not permit an opportunity to bargain over its terms." *See* ECF No. 34 at 8-10. Defendant's argument, however, is unpersuasive because "parties to a collective bargaining agreement are conclusively presumed to have equal bargaining strength." *See Waggoner v. Dallaire*, 649 F.2d 1362, 1367 (9th Cir. 1981).

[4] The MLA's jurisdiction is the "portion of the State of California above the northern boundary of Kern County, the northern boundary of San Luis Obispo County and the westerly boundaries of Inyo and Mono Counties." ECF No. 1-2 at 2; ECF No. 1-3 at 2.

[5] While the parties seemingly disagree as to whether any of defendant's employees perform work described in Section 4(A), plaintiff does not seek summary adjudication on this issue—on the contrary, plaintiff refers to it as a "genuine issue of material fact"—and thus the court does not address it. *See* ECF No. 28-1 at 7.

within the unit covered by this Agreement," except for certain exclusions that appear irrelevant to the parties' dispute (e.g., superintendents and foremen).  *See* ECF No. 1-2 at 2; ECF No. 1-3 at 2.

Defendant does not interpret the MLA as a stand-alone document and, instead, urges the court to consider extrinsic evidence in resolving the parties' dispute.  *See* ECF No. 34 at 2-7. Plaintiff argues that the MLA unambiguously requires contributions for defendant's non-union employees.  ECF No. 28-1 at 7.  Plaintiff relies on *Rolfson*, where the Court of Appeals held that employers were required to make health and welfare contributions on behalf of non-union employees.  *See id.* (citing *Audit Servs., Inc. v. Rolfson*, 641 F.2d 757, 761 (9th Cir. 1981)). There, the agreements defined "employee" as "any employee of an employer who performs work covered by a collective bargaining agreement '. . . whether such Employee is Union, Non-Union, permanent or temporary.'"  *Rolfson*, 641 F.2d at 761 (alteration in original).  The Court of Appeals found that "the clarity of this language leaves no doubt as to the [defendants'] obligations to contribute."  *Id.*

Here, as noted, the MLA defines "Employee" as "all individuals performing work within the unit covered by this Agreement."  ECF No. 1-2 at 2; ECF No. 1-3 at 2.  While the MLA does not use the word "unit" elsewhere, the only reasonable interpretation is the collective bargaining unit represented by the union and therefore covered by the MLA.  As plaintiff notes, under the National Labor Relations Act, "the union is the 'exclusive representative' for *all workers* in that bargaining unit, irrespective of whether an individual worker voted for the union."  ECF No. 39 at 5 (citing 29 U.S.C. §§ 159(a), (e)) (emphasis in original).

Indeed, "[a] union that represents employees in a collective-bargaining unit has a legal obligation to represent equally all employees in the bargaining unit, whether or not they are members of the union."  *Wagner v. Pro. Eng'rs in California Gov't*, 354 F.3d 1036, 1038 (9th Cir. 2004).  "When a collective bargaining agreement defines covered employees by job classification, it generally covers all employees within those classifications, regardless of union membership."  *Flores*, 519 F.3d at 1047 (internal quotation marks and citation omitted). "[E]mployees who are part of the bargaining unit represented by a union are covered by a collective bargaining agreement regardless of whether the employees are union members."

*Bhatnagar v. Medco Health, LLC*, 958 F. Supp. 2d 1183, 1186 (D. Nev. 2013); *see also Saunders v. Amoco Pipeline Co.*, 927 F.2d 1154, 1156 (10th Cir. 1991) ("[A]n individual employed in a craft governed by a collective bargaining agreement is bound by the terms of that agreement, regardless of his union membership.").

Accordingly, the MLA defines employees as all individuals in the bargaining unit. *See* ECF No. 1-2 at 2; ECF No. 1-3 at 2. While the MLA, unlike the agreement in *Rolfson*, does not explicitly state that non-union employees are included, the Court of Appeals noted that its finding was "consistent with results reached by other courts construing similar, but sometimes less explicit, language in bargaining and trust fund agreements." *See Rolfson*, 641 F.2d at 761. As such, defendant's non-union employees performing work in the specified classifications set forth in the MLA are members of the bargaining unit and are therefore considered employees as defined under the MLA. *See Pierce Cnty. Hotel Emps. & Rest. Emps. Health Tr. v. Elks Lodge, B.P.O.E. No. 1450*, 827 F.2d 1324, 1327 (9th Cir. 1987) (finding that non-union employees "performing work in the agreements' specified classifications are members of the bargaining unit and are defined as employees under the agreements" such that the employer must make contributions for those employees).

The MLA is unambiguous because there is only one reasonable interpretation: defendant owes contributions for specified work performed by its non-union employees.[6] *See Flores*, 519 F.3d at 1047. Consequently, the MLA cannot be contradicted by extrinsic evidence. *See Rolfson*, 641 F.2d at 761 ("Because the documentary evidence was clear and unambiguous, the district court properly rejected contradictory extrinsic evidence."). The court therefore does not analyze the extrinsic evidence or address the parties' arguments regarding such evidence. *See* ECF No. 28-1 at 7-9; ECF No. 34 at 10-15.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary adjudication, ECF No. 28, is GRANTED.

---

[6] In light of this finding, the court does not address defendant's argument that, if the MLA were ambiguous, it should be construed against plaintiff's interpretation. *See* ECF No. 34 at 7-8.

7

2.  The August 21, 2025 order to show cause, ECF No. 32, is DISCHARGED.

IT IS SO ORDERED.


Dated:    March 30, 2026                                    _____
                                                           JEREMY D. PETERSON
                                                           UNITED STATES MAGISTRATE JUDGE

8